IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RICHARD CHURCHILL | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1530-D |
| | § | |
| SHARON WHITAKER, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Sharon Whitaker and Kelton Thornton have filed a motion to dismiss this *pro se* prisoner civil rights action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  For the reasons stated herein, the motion should be granted.

I.

This is a *Bivens*[1] action brought by Plaintiff Donald Richard Churchill, a federal prisoner, alleging that Whitaker and Thornton, Special Agents of the Bureau of Alcohol, Tobacco, and Firearms ("ATF"), violated his constitutional rights by paying a cooperating witness, Rick Hartke, to perjure himself before a grand jury.  As a result of Hartke's testimony, plaintiff was charged in a seven-count indictment with attempted arson and using, carrying, and possessing a destructive device in furtherance of arson.  Plaintiff pled not guilty and the case proceeded to trial before a jury. At trial, plaintiff alleges that Whitaker falsely testified that no report was prepared regarding the interrogation of Hartke.  Plaintiff was eventually convicted on all counts and sentenced to life

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

imprisonment. *United States v. Churchill*, No. 3-01-CR-373-G (N.D. Tex. Sept. 26, 2002). His conviction and sentence were affirmed on direct appeal. *United States v. Churchill*, No. 02-10905, 77 Fed.Appx. 716 (5th Cir. Oct. 6, 2003). By this suit, plaintiff seeks $700,000 in compensatory and punitive damages for the violation of his constitutional rights.

Defendants now move to dismiss this civil action for lack of subject matter jurisdiction under the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Alternatively, defendants argue that they are entitled to absolute or qualified immunity and that plaintiff has failed to state a claim for relief under the Fifth, Eighth, or Fourteenth Amendments. The issues have been briefed by the parties and the motion is ripe for determination.

II.

The gravamen of plaintiff's complaint is that he was indicted, arrested, prosecuted, and convicted based on perjured testimony. As a threshold matter, the court must determine whether it has jurisdiction to entertain a suit for money damages based on alleged constitutional violations that occurred during the course of a criminal proceeding.

In *Heck*, the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the terms of confinement are in fact invalid. *Heck*, 114 S.Ct. at 2372. This rule applies equally to *Bivens* actions. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

Although plaintiff attempts to circumvent this procedural bar by characterizing his claim as one for false arrest,[2] the facts of this case dictate otherwise. "A claim for false arrest is a claim for the harm of being unlawfully imprisoned through some extrajudicial act that does not amount to legal process, for example, when a police officer performs a warrantless arrest without probable cause." *Mutual Medical Plans, Inc. v. County of Peoria*, 309 F.Supp.2d 1067, 1078-79 (C.D. Ill. 2004) (citing cases). Here, plaintiff was arrested pursuant to a warrant after the grand jury returned an indictment against him. Because plaintiff seeks damages for confinement imposed pursuant to legal process, his claim is more akin to one for malicious prosecution, thereby triggering the application of *Heck*. *See, e.g. Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 899-900 (7th Cir. 2001) (holding that suit for damages for confinement pursuant to a warrant would be suit for malicious prosecution); *Roscoe v. Salazar*, No. 96-2004, 1996 WL 421957 at *1 (10th Cir. Jul. 26, 1996) (construing claim that federal agent lied to grand jury to secure indictment as one for malicious prosecution barred by *Heck*); *Garland v. U.S. Attorney for Northern Dist. of Texas*, No. 3-03-CV-2658-D, 2005 WL 910605 at *4 (N.D. Tex. Apr. 20, 2005) (Fitzwater, J.) (claim that prosecutor presented false testimony at criminal trial necessarily implies invalidity of resulting conviction). An essential element of malicious prosecution is termination of the criminal proceeding in favor of the plaintiff. *See Evans v. Ball*, 168 F.3d 856, 863 & n.10 (5th Cir. 1999), *abrog. on other grounds by Castellano v. Fragozo*, 352 F.3d 939, 948-49 & n.36 (5th Cir. 2003) (en banc). Thus, plaintiff's *Bivens* claim necessarily implies the invalidity of his conviction. *See also Williams v. Martinez*, No. 03-40300, 74 Fed.Appx. 406 (5th Cir. Sept. 3, 2003) (*Bivens* claim alleging conspiracy, perjury, unlawful search, prosecutorial misconduct, and selective prosecution that

---

[2] Plaintiff correctly notes that a false arrest claim implicates a criminal prosecution only where the conviction is based on evidence discovered during the arrest. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996); *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995).

resulted in indictment and conviction implied invalidity of plaintiff's conviction and was barred by *Heck*).

Plaintiff's criminal conviction has not been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus. Unless and until that occurs, plaintiff cannot maintain a civil action for damages under *Bivens*. *See Heck*, 114 S.Ct. at 2372.[3]

## RECOMMENDATION

Defendants' motion to dismiss for lack of subject matter jurisdiction should be granted. Plaintiff's claims should be dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[3] The resolution of this threshold jurisdictional issue pretermits consideration of the other grounds raised by defendants in their motion to dismiss. However, the court notes that Whitaker is entitled to absolute immunity for her testimony at trial, even if that testimony was false. *See Wafer v. Person*, No. 03-30139, 70 Fed.Appx. 194, 195 (5th Cir. Jul. 10, 2003), *citing Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S.Ct. 1108, 1115, 75 L.Ed.2d 96 (1983). In addition, plaintiff cannot sue defendants in their official capacity absent a waiver of sovereign immunity. *See Price v. United States*, 69 F.3d 46, 49 (5th Cir. 1995), *cert. denied*, 117 S.Ct. 295 (1996).