IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD RICHARD CHURCHILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:05-CV-1530-D |
| VS. | § | |
| | § | |
| SHARON WHITAKER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

After conducting a review of the pleadings, files, and records in this case, and the findings and recommendation of the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1), I am of the opinion that the findings and recommendation of the magistrate judge are correct and they are hereby accepted as the findings of the court.

In his objection, plaintiff erroneously maintains that Judge Kaplan acted contrary to law in recommending that defendants' motion to dismiss be granted. Although plaintiff is correct that a motion to dismiss is a dispositive motion that only a district judge can decide, Judge Kaplan has merely *recommended* that the motion be granted; this court is deciding the motion after *de novo* review of Judge Kaplan's findings and recommendation.

Additionally, plaintiff appears to request that the court consider the present lawsuit to be a habeas motion, *see* Obj. at 2, and he also asks the court to allow him to amend his complaint to assert a claim for illegal search and seizure and conspiring to set him up, *id.* at 3. The court will not convert his lawsuit to a habeas motion or grant him leave to amend.

The court will not grant plaintiff's apparent request that the court convert this lawsuit to a habeas motion because he already filed a habeas motion on January 18, 2005, which is currently pending in Criminal No. 3:01-CR-373-G.

The court also denies plaintiff's request for leave to amend. Although such leave is freely to be given, one basis for denying such a request is futility of amendment. *See, e.g., In re Southmark Corp.*, 88 F.3d 311, 314-15 ( 5th Cir. 1996). An amendment would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). For the reasons already explained in Judge Kaplan's findings and recommendation, which the court adopts today following *de novo* review, the claims plaintiff proposes to add would also be barred under *Heck*.

**SO ORDERED**.

December 27, 2005.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE